UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRUCE GENTRY                                                                                    PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:08CV-676-S

OLDHAM COUNTY, KENTUCKY, d/b/a
OLDHAM COUNTY POLICE DEPARTMENT, et al.                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, Oldham County, Kentucky, d/b/a Oldham County Police Department, *et al.*, (sometimes collectively herein "OCPD"), to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to 12(b)(6) for failure to state a claim upon which relief may be granted.

In an order entered December 10, 2010, the court noted that "This court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Keeran v. Office of Personnel Management*, 827 F.2d 770, 1987 WL 44548 (6th Cir. August 26, 1987), *unpubl.* "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *citing,* 16 Moore § 106.66[1], pp. 106-88 to 106-98." Order (DN 58), p. 1. The court shortened the briefing time for the motion in order to consider the issues raised prior to the January 24, 2011 trial.

This action arose from a denial of employment by the OCPD allegedly on the basis of the applicant's military obligation. The plaintiff alleges the following facts:

The plaintiff, Bruce Gentry, was a United States Marine for approximately ten years and is currently a member of the Kentucky National Guard. He was employed as a police officer in New Orleans, Louisiana after his service in the Marines. He has been a police officer for the city of Shelbyville, Kentucky since 2004.

In November of 2007, Gentry applied for employment with the OCPD. He claims that he advanced in the application and interview process and was told that he would be offered a position. He claims that the Shelbyville Police Department, his employer, was informed that OCPD was offering him a position. Gentry was then allegedly asked by OCPD about his status in the National Guard. Gentry claims that he was not offered the position after he provided information concerning his military commitment.

Gentry filed the present action against Oldham County, Kentucky d/b/a Oldham County Police Department; Duane Murner, Oldham County's Judge-Executive;[1] and D. Michael Griffin, the Oldham County Chief of Police. Gentry alleges violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.*, which forbids discrimination on the basis of membership in the armed forces. 38 U.S.C. §§ 4301(a)(3); 4311. Gentry has named the OCPD and Griffin, in his official capacity as the Oldham County Police Chief. He has also named Griffin individually, and has asserted a state law claim against him for violation of KRS 38.460.[2]

---

[1] The parties have tendered an agreed order of dismissal of the claims against Duane Murner which will be signed by the court.
[2] Despite the defendants' contention to the contrary, Gentry has named Griffin individually. Amended Complaint, ¶ 26.

The Eleventh Amendment bars suit against a State by private parties absent consent by the State or an indication of an unequivocal intention by Congress to abrogate the State's sovereign immunity in a particular instance. *See, Seminole Tribe v. Florida*, 517 U.S. 44; 54, 72-73 (1996).

USERRA, as originally enacted in 1994, permitted the Attorney General or an individual person to file suit against a State or private employer for violation of the Act. *§ 4243(b)(1994):*

> In the case of an action against a State as an employer, the appropriate district court is the court for any district in which the State exercises any authority or carries out any function. In the case of a private employer the appropriate district court is the district court for any district in which the private employer of the person maintains a place of business.

Under the "definitions" section, the Act defines "State" as "each of the several States of the United States, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Virgin Islands, and other territories of the United States (including the agencies and political subdivisions thereof)." *§ 4303(14).* Several courts found the provisions of the 1994 enactment to be unconstitutional in light of *Seminole Tribe* with respect to suits by persons against State employers. In 1998, Congress amended § 4323(b) to address the problem.

Under the 1998 amendments, USERRA still permits the Attorney General and persons to file suit for violations of the Act. The Attorney General may file suit against a State or a private employer in federal court, as there is no Eleventh Amendment bar to the bringing of such a suit. A person may file suit against a private employer but may not sue a State employer in federal court. The pertinent provisions of the statute now establish that:

(1) In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State. *§ 4323(b)(2).*

(2) In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action. *§ 4323(b)(3).*

The 1998 amendments also added a provision to § 4323 that establishes that "[i]n this section, the term "private employer" includes a political subdivision of a State." *§ 4323(j) Definition*. In October, 2008, further revisions to the Act resulted in a redesignation of subsection (j) to (i). Congress thus revisited the Act but did not amend the definition of "private employer." There has been no change to the definition of "State" contained in § 4303(14) since its original enactment.

The defendants filed a motion to dismiss, contending that the claims against OCPD and Griffin in his official capacity are essentially claims against Oldham County, a political subdivision of the state which is entitled to sovereign immunity under Kentucky law, *citing, Comair, Inc. v. Lexington-Fayette Urban County Airport Corp.*, 293 S.W.3d 91, 104 (Ky. 2009). They contend that the intent of the 1998 amendments was to limit a private individual's right of enforcement against a State employer to state court, *citing, Townsend v. University of Alaska*, 543 F.3d 478, 483 (9th Cir. 2008), *citing,* H.R.Rep. No. 105-448 at 2 (1999)("Individuals not represented by the Attorney General would be able to bring enforcement actions in state court.") Thus the defendants argue that these claims must be brought in state court, pursuant to § 4323(b)(2).

Gentry urges, however, that jurisdiction of this court is grounded in §§ 4323(b)(3) and the definitional provision 4323(i). He states that this court has jurisdiction over OCPD as a private employer under § 4323(b)(3) by virtue of subsection (i) which clearly defines "private employer," for purposes of § 4323, to include a political subdivision of a state. Thus, while the general definition of "State" includes Oldham County, Congress provided a right of enforcement in federal court for individuals bringing suit against a political subdivision of a state by deeming political subdivisions "private employers" suable in the district court under § 4323(b)(3).

The defendants have confirmed that they do not challenge the constitutionality of § 4323 as rewritten in 1998 and reaffirmed in 2008. Rather, they argue that the chapter's definition of "State" found in § 4303 which was not amended by Congress in 1998 must be reconciled with the § 4323(i)

definition of "private employer" which was added in 1998 to § 4323. The defendants urge that to do this, the court must analyze the jurisdictional provisions under state law:

> While the Defendants recognize that Courts have consistently found that counties are not "arms of the state" for purposes of analyzing 11th Amendment immunity under Federal Law, the question of whether the Oldham County Police Department is the equivalent of the State, or merely a "political subdivision" for the purposes of USERRA is a matter of statutory construction, rather than constitutional interpretation and must therefore be analyzed under State law.

Reply Brief, p. 3.

We need not resort to Kentucky case law on 11th Amendment immunity.

11th Amendment concerns led Congress to revise § 4323 in 1998. The result is that persons can make USERRA claims against states only in state courts. § 4323(b)(2). But the state must be the employer. *Sandoval v. City of Chicago, Illinois*, 560 F.3d 703 (7th Cir. 2009).

The defendants claim that Oldham County is the equivalent of the Commonwealth of Kentucky under the definition of "State" in § 4303. Literally, this is true, since Oldham County is a political subdivision of Kentucky. *Comair, Inc*., 295 S.W.3d at 94. But we do not refer to § 4303 in this analysis, because § 4323(i), a specific and later jurisdictional provision, applies.

In § 4323, political subdivisions of a state are defined as private employers so as to allow suit against them in federal court. No 11th Amendment immunity issue is presented since suit brought under the "private employer" portion of the statute, § 4323(b)(3), may include suits against political subdivisions of a state by virtue of subsection (i), but not suits against a state as employer.

Oldham County is a "private employer" as defined by § 4323(i)("In this section [§ 4323], the term "private employer" includes a political subdivision of a State.").. Oldham County is a political subdivision of Kentucky. *Comair, supra*. Therefore, this court has jurisdiction over Gentry's claims against Oldham County's agency, OCPD and Chief, Griffin, pursuant to § 4323(b)(3).

The intent of Congress in its 1998 revisions of USERRA to limit claims by a person against a state to state court is accomplished through application of § 4323(b)(2). Suits against a State by a private individual have uniformly been found to be redressable only in state court. *See, Towsend, supra*.; *Valadez v. Regents of the Univ. of Calif.,* 2005 WL 1541086 (E.D.Cal. 2005); *Risner v. Ohio Dep't of Rehabilitation and Correction*, 577 F.Supp.2d 953 (N.D.Ohio 2008). The 1998 revisions are consistent with federal case law concluding that counties are not "arms of the state" for purposes of 11th Amendment immunity. The defendants acknowledge that courts have consistently held that counties are not "arms of the state" for purposes of analyzing 11th Amendment immunity under federal law. *See, Cellco Partnership v. Franklin County, Kentucky*, 553 F.Supp.2d 838 (E.D.Ky. 2008) and federal cases cited therein holding that counties are not entitled to 11th Amendment immunity, even where such entities exercise a "slice of state power." Oldham County is not immune from suit in federal court for alleged violations of USERRA.

The court concludes that a simple application of the plain language of § 4323 yields the conclusion that this court has subject matter jurisdiction over Gentry's claims against OCPD and Chief Griffin. Therefore, motion having been made and for the reasons stated herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, Oldham County, Kentucky d/b/a Oldham County Police Department, *et al.*, is **DENIED.**

**IT IS SO ORDERED.**