UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRUCE GENTRY                                                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 3:08CV-676-S

OLDHAM COUNTY, KENTUCKY
d/b/a OLDHAM COUNTY POLICE DEPARTMENT            DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

This case should be considered and decided by you as an action between persons of equal standing in the community holding the same or similar stations in life. A government entity is entitled to the same fair trial at your hands as an individual. All persons, including such entities, stand equal before the law.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion as to a matter in which he is versed and which is material to the case, and he may also state the reasons for such an opinion. You should consider such opinion and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by such a witness in support of his opinion are not sound, or that his opinion is outweighed by other credible evidence in the case, or by the opinion of some other witness, then you may reject the opinion in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

It is unlawful under the Uniformed Services Employment and Reemployment Rights Act of 1994 (sometimes referred to as "USERRA") for an employer to deny initial employment to an applicant on the basis of the applicant's military commitment. An employer denies initial employment on the basis of a person's military commitment if the person's military commitment was a motivating factor in the decision.

It is stipulated by the parties and therefore it is established and not in issue that Oldham County is an "employer" under USERRA, and that Oldham County violated USERRA when it denied Bruce Gentry initial employment.

Oldham County may act only through natural persons as its agents or employees; and, in general, an agent or employee may bind his employer by his acts and declarations while acting within the scope of his duties as an employee.

It is stipulated by the parties and therefore it is established and not in issue that Chief D. Michael Griffin was acting in the course and scope of his employment with the Oldham County Police Department with respect to the consideration of Mr. Gentry for employment.

## WILLFULNESS

You will now determine whether Oldham County acted willfully in deciding not to offer Bruce Gentry initial employment.

"Willfully," as used in these instructions, means that the defendant knew its decision was prohibited by statute, or showed reckless disregard for the matter of whether its decision was prohibited by statute.

## INTERROGATORY NO. 1

Do you believe from the evidence that it is more likely true than not true that Oldham County acted willfully in denying initial employment to Bruce Gentry?

Please answer this interrogatory on the corresponding verdict form. Have your foreperson sign and date the form, then proceed to the next instruction.

## **DAMAGES**

You will now determine from the evidence what sum or sums of money will fairly and reasonably compensate Bruce Gentry for such past and future loss of earnings and benefits, if any, that you believe from the evidence he incurred by reason of the conduct of Oldham County.

Accordingly, the measure of his damages is the difference between what Mr. Gentry would have earned had he been offered employment by Oldham County on August 1, 2008 and what he actually earned and would have earned elsewhere after that date.

In determining Mr. Gentry's damages, I instruct you that Mr. Gentry had a duty to minimize any damages he incurred. Therefore, Mr. Gentry may not be compensated with damages for the period following his rejection of a later offer of employment by Oldham County, if such rejection was, under the circumstances, unreasonable.

In any case, Mr. Gentry's damages are limited to the period of his expected work life as a police officer and may not exceed $388,275.00.

Please indicate your award on the corresponding verdict form. Have your foreperson sign and date the form.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case until I have accepted your verdicts.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms of verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which

set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then return with your verdicts to the courtroom.

**VERDICT FORM 1**

| 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 | **District** <br> Western District of Kentucky |
|---|---|
| **Case Title** <br><br> BRUCE GENTRY <br><br> v. <br><br> OLDHAM COUNTY, KENTUCKY <br> d/b/a OLDHAM COUNTY POLICE DEPARTMENT | **Docket No.** <br><br><br> CRIMINAL ACTION NO. 3:08CV-676-S |

## INTERROGATORY NO. 1

Do you believe from the evidence that it is more likely true than not true that Oldham County acted willfully in denying initial employment to Bruce Gentry?

\_\_\_\_\_ Yes

\_\_\_\_\_ No

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

**VERDICT FORM 2**

| | District |
|---|---|
| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 | Western District of Kentucky |
| **Case Title**<br><br>BRUCE GENTRY<br><br>v.<br><br>OLDHAM COUNTY, KENTUCKY<br>d/b/a OLDHAM COUNTY POLICE DEPARTMENT | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:08CV-676-S |

## **DAMAGES**

We the jury in the above entitled and numbered case find damages as follows:

    Past and future lost earnings and benefits      $_____
                                                                                         (Not to exceed $388,275.00)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |